# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DAVID CHRISTOPHER REDFERN, | : | Civil No. 3:23-cv-199 |
| Petitioner | : | (Judge Mariani) |
| v. | : | |
| WARDEN WERTMAN, | : | |
| Respondent | : | |

## MEMORANDUM

### I. Background

On or about February 3, 2023, Petitioner David Christopher Redfern ("Redfern"), filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 asserting that the Federal Bureau of Prisons ("BOP") failed to apply his earned time credits under the First Step Act. (Doc. 1). In response, Respondent filed a suggestion of mootness informing the Court that Redfern has received the requested relief. (Doc. 7). As a result, Respondent argues that the habeas petition is moot. (*Id.*). For the reasons set forth below, the Court will dismiss the habeas petition as moot.

### II. Discussion

Article III of the Constitution dictates that a federal court may adjudicate "only actual, ongoing cases or controversies." *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477 (1990); *Burkey v. Marberry*, 556 F.3d 142, 147 (3d Cir. 2009). "This case-or-controversy requirement subsists through all stages of federal judicial proceedings [and for jurisdiction to

exist the] parties must continue to have a 'personal stake in the outcome' of the lawsuit." *Spencer v. Kemna*, 523 U.S. 1, 7 (1998) (quoting *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477-78 (1990)).  Thus, once a prisoner is released from custody, a habeas challenge to some aspect of his confinement will become moot absent a redressable, continuing, and concrete injury which persists after his release.  *Id.*; see also *Burkey*, 556 F.3d at 146-50

In the present case, Redfern seeks the award of earned time credits under the First Step Act.  Pursuant to the First Step Act, earned time credits can be applied toward earlier placement in pre-release custody or toward a term of supervised release.  18 U.S.C. § 3632(d)(4)(C).  On February 11, 2023, the BOP conducted a First Step Act Time Credit Assessment and calculated that Redfern earned 90 days of credits that have been applied towards his early release. (Doc. 7-1, p. 10).  As Redfern has received the requested earned time credits, he no longer has a concrete, redressable injury.  This Court therefore lacks an opportunity to provide Redfern with any meaningful relief in this habeas matter, and his challenge is moot.  See *Blanciak v. Allegheny Ludlum Corp.*, 77 F.3d 690, 698-99 (3d Cir. 1996) ("If developments occur during the course of adjudication that eliminate a plaintiff's personal stake in the outcome of a suit or prevent a court from being able to grant the requested relief, the case must be dismissed as moot.").  A separate Order shall issue.

Robert D. Mariani
United States District Judge

Dated: March ___, 2023